UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                :
MICHAEL FUSCALDO,              :
                                                :
          Petitioner,             :         Civ. No. 16-4198 (JMV)
                                                :
           v.                         :         OPINION
                                                :
PATRICK NOGAN, et al,          :
                                                :
          Respondents.         :
_____:

APPEARANCES:
John Vincent Saykanic, Esq.
1135 Clifton Ave.
Clifton, NJ 07013
       Counsel for Petitioner

VAZQUEZ, District Judge

       On or about June 30, 2016, Petitioner Michael Fuscaldo, was granted permission by the Third Circuit Court of Appeals to file a second petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-8). Accordingly, Petitioner's second or successive habeas corpus petition and all supporting documentation were transferred to this Court and resulted in the instant case. On July 20, 2016, this case was administratively terminated due to Petitioner's failure to either pay the filing fee or submit an application to proceed *in forma pauperis*. (ECF No. 2). On August 16, 2016, Counsel for Petitioner submitted a motion for leave to proceed *in forma pauperis* as well as a request to be appointed as counsel under the Criminal Justice Act ("CJA") pursuant to 18 U.S.C. § 3006(a)(2). (ECF No. 4).

The Court finds Petitioner's *in forma pauperis* application to be complete, and he is granted leave to proceed without the prepayment of fees. *See* Local Civil Rule 81.2(b). However, for the reasons set forth below, Counsel's application to be appointed as CJA counsel for Petitioner is DENIED.

In his motion, Counsel explains that he was retained as private counsel for Petitioner in November of 2011. (Mot. ¶ 15, ECF No. 4-1). He filed a motion for a new trial in the Law Division of the New Jersey Superior Court based on newly discovered evidence which was denied on March 28, 2013. (*Id.* at ¶ 15-16). The Appellate Division affirmed the denial on June 12, 2015, and the New Jersey Supreme Court denied certification on November 6, 2015. (*Id.* at ¶ 16). Because Petitioner had previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Counsel was required to obtain permission from the Third Circuit before filing a second federal habeas petition, *see* 28 U.S.C. § 2244, and Counsel states that he commenced work on that application on May 13, 2016. Accordingly, in his present motion, Counsel requests that this Court assign him as CJA counsel *nunc pro tunc* to May 13, 2016 so that he can be reimbursed for the work spent on preparing the § 2244 application to the Third Circuit. (*Id.* at ¶ 21).

As an initial matter, to the extent Counsel seeks reimbursement for work performed before the Court of Appeals, he must request such relief from the Third Circuit. Therefore, to the extent Counsel's motion seeks *nunc pro tunc* CJA counsel designation to the time he began drafting the § 2244 application to the Third Circuit, his request is denied.

As set forth above, Petitioner was granted permission to file a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the instant case was initiated before this Court

on July 12, 2016.  Therefore, this Court will consider whether Counsel should be appointed as Petitioner's CJA attorney effective that date.

The Criminal Justice Act ("CJA"), was enacted "to promote the cause of criminal justice by providing for the representation of defendants who are financially unable to obtain an adequate defense in criminal cases in the courts of the United States."  18 U.S.C. § 3006A.  A federal district court may appoint representation for any financially eligible person seeking habeas relief under 28 U.S.C. § 2254 when the interests of justice so require.  *See* 18 U.S.C. § 3006A(2)(B); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. *See Dime v. Aviles*, No. 15-1410, 2015 WL 1114143, at *1 (D.N.J. Mar. 10, 2015) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991)) (other citations omitted); *see also Gibbs v. Bartkowski*, No. 11-1137, 2015 WL 7432347, at *2 (D.N.J. Nov. 23, 2015).  Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  *See id.* (citing *Reese*, 946 F.2d at 264; *Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997)) (other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." *Id.* (citations and quotations omitted); *see also Paul v. Attorney General of New Jersey*, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992) (stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success

on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

Here, even assuming that Petitioner has presented a meritorious claim, Counsel has failed to address the remaining factors which district courts must consider in determining whether the appointment of CJA counsel is warranted. Namely, Counsel has not described in his motion the complexity of the legal issues raised in the Petition or the ability of the Petitioner to present his case on his own. Finally, the Court notes that although Petitioner is deemed indigent based on his *in forma pauperis* application, Counsel concedes that he has been retained as private counsel for Petitioner since November of 2011. Therefore, it is unclear to this Court why CJA appointment and reimbursement for fees is necessary at this juncture.

## CONCLUSION

For the reasons set forth above, the application to proceed *in forma pauperis* is GRANTED, and Counsel's request to be assigned as CJA counsel *nunc pro tunc* is DENIED without prejudice. This Court notes that it is obligated to conduct an independent gatekeeping inquiry under 28 U.S.C. § 2244(b)(4) to determine whether the claims presented in the Petition satisfy the requirements of a second or successive habeas corpus application. *See Goldblum v. Klem*, 510 F.3d 204, 219-20 (3d Cir. 2007). This review will be conducted in due course.

An appropriate Order will be entered.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Dated: 9/28/16
At Newark, New Jersey